United States District Court
Southern District of Texas
**ENTERED**
June 20, 2019
David J. Bradley, Clerk

UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  TEXAS
GALVESTON  DIVISION

| | | |
|---|---|---|
| MARK  PAUL  KIRKPATRICK, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL  ACTION  NO. 3:16–CV–00337 |
| | § | |
| NANCY  A.  BERRYHILL, | § | |
| ACTING  COMMISSIONER  OF | § | |
| SOCIAL  SECURITY | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM  AND  RECOMMENDATION

Pending  before  the  Court  is  Plaintiff  Mark  Paul  Kirkpatrick's  Petition to Obtain Approval  of a Fee for Representing a Social Security Claimant ("Kirkpatrick's  Petition"). *See* Dkt. 23.  This matter was referred to this Court by United States District Judge George C. Hanks, Jr. *See* Dkt. 16.  For the reasons stated below, the Court **RECOMMENDS**  that Kirkpatrick's  Petition be **GRANTED**.

## BACKGROUND

In  December  2016,  Plaintiff  Mark  Paul  Kirkpatrick  ("Kirkpatrick")  filed  a complaint in federal district court seeking to overturn the Acting Commissioner of Social Security's ("Commissioner")  decision denying his claim for disability benefits under the Social Security Act.[1]  As the case progressed, Kirkpatrick's attorney filed a 19-page motion

---

[1] On December 2, 2016, the Acting  Commissioner  of Social Security was Carolyn W. Colvin.  On January 23, 2017, Nancy A. Berryhill  became the Acting  Commissioner  of Social Security.

1

for summary judgment. The Court granted Kirkpatrick's motion for summary judgment, reversed the decision of the Commissioner, and remanded the matter to the Commissioner for further proceedings. A few weeks later, the Court ordered the Commissioner to pay Kirkpatrick an attorney fee of $3,345.54 under the Equal Access to Justice Act ("EAJA").[2]

On remand, an Administrative Law Judge of the Social Security Administration issued a decision in favor of Kirkpatrick, awarding him $141,120.50 in past-due disability insurance benefits. The Commissioner withheld $35,280.13, representing 25 percent of the total award, for payment of approved attorney fees.

Kirkpatrick's counsel now seeks to trade in his modest EAJA fee for attorney fees under 42 U.S.C. § 406(b) in the amount of $15,609.37.[3] This figure represents less than the amount Kirkpatrick's counsel would be entitled to under the contingency agreement Kirkpatrick agreed to at the outset of this matter. *See* Dkt. 23-1 at 15 (providing that "the fee will be 25% of the past-due benefits").

## LEGAL STANDARD

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a [social security benefits] claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such

---

[2] Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are determined not by a percent of the amount recovered, but by a per-hour basis. *See* § 2412(d)(1)(B).

[3] When an attorney receives fees for the same work under Section 406(b) and the EAJA, he must refund to the client the lesser of the two awards. *See Kellems v. Astrue*, 628 F.3d 215, 217 (5th Cir. 2010).

representation," but the fee may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."   42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id*.

Section 406(b) does not replace contingency fee agreements between claimants and their counsel.   Rather, Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).   Contingency agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past due benefits. *See id.*  Within the 25 percent boundary, an attorney for a successful claimant must show that the fee sought is reasonable given the services rendered. *See id.*  "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to disallow windfalls for lawyers." *Jeter v. Astrue*, 622 F.3d 371, 379 (5th Cir. 2010) (internal quotation marks and citation omitted).   A district court has wide discretion in approving or discounting the amount of attorney's fees. *See id.* at 376.   Ultimately, the claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17.

The reasonableness of attorney's fees awarded pursuant to a fee-shifting statute is generally determined by using the lodestar method. *See id.* at 801.   The lodestar method consists of the number of hours reasonably expended in a case multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   Noting that Section 406(b) is not a fee-shifting statute, the Supreme Court has expressly rejected the use of the

3

lodestar method as the starting point in determining the reasonableness of a fee under Section 406(b).  *See Gisbrecht*, 535 U.S. at 801.

In determining whether a fee award is reasonable under Section 406(b), the Fifth Circuit has instructed district courts to look at several non-exhaustive factors, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee."  *Jeter*, 622 F.3d at 382 (citation omitted).  The Court will examine these factors below.

## ANALYSIS

To begin, the Court takes note that the contingency agreement between Kirkpatrick and his lawyer sets the lawyer's compensation at 25 percent of any recovery of past-due benefits.  In making the instant fee request, Kirkpatrick's counsel seeks $15,609.37 in attorney's fees for work he performed in the proceedings before this Court and at the administrative level.  Importantly, the requested contingency fee ($15,609.37) represents only 11.06 percent of Kirkpatrick's $141,120.50 past-due benefits award.  This percentage is well below the 25 percent statutory ceiling allowed by Section 406(b), and the 25 percent fee authorized under Kirkpatrick's contingency fee agreement.

Next, the Court observes that Kirkpatrick's counsel faced a substantial risk of loss, as Kirkpatrick had lost at all levels of the administrative proceedings prior to bringing a federal lawsuit.  This is important because "the Fifth Circuit and district courts in this circuit have acknowledged the high risk of loss inherent in Social Security appeals and the fact that a particular claimant's attorney often is not compensated at all for Social Security

4

work in federal court." *Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at \*6 (E.D. La. Sept. 12, 2012) (collecting cases). *See also Prude v. U.S. Com'r Soc. Sec. Admin.*, No. 11-CV-1266, 2014 WL 249033, at \*2 (W.D. La. Jan. 22, 2014) (recognizing that the "the lack of compensation in the many unsuccessful cases" weighed in favor of awarding fees to successful claimant's attorney); *Charlton v. Astrue*, No. 3:10-CV-0056-O-BH, 2011 WL 6325905, at \*4 (N.D. Tex. Nov. 22, 2011) (noting that on average only 35 percent of claimants who appealed their case to federal court received benefits). Thus, this factor weighs heavily in favor of approving the requested fee.

Kirkpatrick's counsel is a highly experienced lawyer in social security cases who has practiced social security law exclusively for more than 40 years. He provided effective and efficient representation in this case. Although the administrative record in this proceeding is 834-pages long, Kirkpatrick's counsel only billed for 16.65 hours of work. In that time, Kirkpatrick's counsel synthesized the voluminous administrative record, communicated with his client, wrote a 19-page motion for summary judgment, and ultimately achieved a favorable result before this Court and the Commissioner. The attorney's success in both the appeal before this Court and subsequent administrative hearing should be commended. "If a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Jeter*, 622 F.3d at 381.

Dividing the fee sought ($15,609.37) by the 16.65 hours worked on this matter results in an effective hourly rate of $937.50. This hourly rate is 2.5 times the regular

hourly rate for Kirkpatrick's counsel, which is $375 per hour.  *See* Dkt. 23 at 13.  At first blush, this hourly rate might seem unusually high.  But, upon further reflection, a fee recovery in a percentage-based contingency fee contract will often be higher than the fee produced by a straight hourly rate agreement.  In this case, the effective hourly rate is incredibly reasonable given the tremendous results achieved, the high quality of legal work provided, and the substantial risk of loss facing a claimant in a social security case.  This Court's finding is consistent with courts across the Fifth Circuit that routinely approve as reasonable effective hourly rates at 2.5 times the rate normally charged by the attorney. *See, e.g., Wilson v. Berryhill*, No. 3:13-CV-1304-N-BH, 2017 WL 1968809, at *2 (N.D. Tex. April 7, 2017) (approving $937.50 effective hourly rate, representing 2.5 times an attorney's regular rate); *Richardson v. Colvin*, No. 4:15-CV-0879-BL, 2018 WL 1324951, at *2 (N.D. Tex. Mar. 13, 2013) (approving $937.50 effective hourly rate, representing 2.5 times an attorney's regular rate); *Jeter v. Comm'r, Soc. Sec.*, No. 2:06-CV-81, 2009 WL 909257, at *6 (W.D. La. Apr. 3, 2009) (approving  fee reduced to "2.5 times the rate normally charged by the attorney").  The Court, therefore, concludes that the requested contingency fee award  in the amount of $15,609.37 is reasonable and does not amount to a windfall for Kirkpatrick's counsel.

## CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Kirkpatrick's Petition (Dkt. 23) be **GRANTED**.  Kirkpatrick's counsel should be awarded $15,609.37 in attorney's fees out of Kirkpatrick's past-due benefits pursuant to Section 406(b).

Kirkpatrick's counsel should be ordered to refund the EAJA award in the amount of $3,345,54 directly to Kirkpatrick.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 20th day of June, 2019.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE